UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LAWRENCE JOSEPH

and

MARLENE JOSEPH,

                Plaintiffs,

vs.

NCO FINANCIAL SYSTEMS, INC.

                Defendant.

---

**10 CV 806-**

Civil Action No. _____

## COMPLAINT AND DEMAND FOR JURY TRIAL

INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the fair Debt Collection Practices Act, 15 U.S.C. § 1692 et. seq. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C, § 1331, and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. § 1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

## PARTIES

4. Plaintiff Lawrence Joseph is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Plaintiff Marlene Joseph is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6. Defendant NCO Financial Systems, Inc. (hereinafter "NCO") is a foreign business corporation organized and existing under the laws of the State of Pennsylvania and is a "debt collector" as that term in defined by 15 U.S.C. § 1692a(6).

7. Defendant regularly attempts to collect debts alleged to be due another.

8. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

9. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## FACTUAL ALLEGATIONS

10. The Plaintiffs incurred a debt for an American Express credit card. The debt will be referred to as "the subject debt".

11. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term in defined by 15 U.S.C. § 1692a(5).

12. That the Plaintiffs thereafter allegedly defaulted on the subject debt.

13. That upon information and belief Defendant was employed by American Express or the current creditor to collect on the subject debt.

14. That on or about April, 2010, Plaintiffs began receiving repeated telephone calls from Defendant attempting to collect on an alleged debt. Defendant was repeatedly leaving messages on Plaintiff's home phone and cell phone voicemails.

15. Specifically, on April 20, 22 and 23rd, Defendant left messages which failed to identify itself as a debt collector attempting to collect a debt as required by 15 U.S.C. § 1692e(11) and Foti v. NCO Financial Systems, Inc., 424 F. Supp. 2d 643 (S.D.N.Y. 2006).

16. On May 18, 2010, Defendant left another voicemail message on Plaintiff's home answering machine demanding a "call back" regarding an "urgent matter".

17. On May 21, 2010, Defendant left another voicemail message on Plaintiffs' home answering machine demanding "an immediate return phone call today."

18. That the aforesaid message was left again on May 24, 2010.

## CAUSES OF ACTION

19. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in

   Paragraphs 1- 18 above.

20. The conduct of Defendant as described in this complaint violated the Fair Debt

   Collection Practices Act (15 U.S.C. §1692 et. seq.) as follows:

   A.   Defendant violated 15 U.S.C. § 1692d and 15 U.S.C. § 1692d(5) by repeatedly causing Plaintiffs' telephone to ring with the intent to annoy, abuse or harass.

   B.   Defendant violated 15 U.S.C. § 1692e(2), 15 U.S.C. § 1692 e(5) and 15 U.S.C. § 1692e(10)by misrepresenting the urgency upon which my clients must take action or face threatened action. These statements and actions are false and misleading.

   C.   Defendant violated 15 U.S.C. § 1692g(a) by failing to provide written notice setting forth the specifics relating to the debt and notifying them of the right to request validation of the debt.

   E.   Defendant violated 15 U.S.C. § 1692(e)5 because it is a misrepresentation aimed at intimidating and threatening, and done with the intention to harass my clients and coerce them into paying this alleged debt by a threat.

   F.   Defendant is in violation of the Telephone Consumer Protection Act ("TCPA") 47 U.S.C. 227, which expressly prohibits using an automatic dialer or prerecorded message without the prior consent of the called party.

21.   That as a result of the Defendant's FDCPA violation as alleged herein, Plaintiffs

   became nervous, upset, anxious and suffered from emotional distress.

   WHEREFORE, Plaintiffs respectfully requests that judgment be entered against

the Defendant for:

    (a) Actual damages;

    (b) Statutory damages for pursuant to 15 U.S.C. § 1692k;

    (c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k; and

    (d) For such other and further relief as may be just and proper.

## JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: October 7, 2010

/s/ Jennifer A. Hurley

_____

Jennifer A. Hurley, Esq.

390 Elmwood Avenue

Buffalo, NY 14222

(716) 883-4967

jhurley@hurleylawfirm.net